**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 19-CR-253-RM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

**1.  IAN THOMAS FORD**
2.  ROBYN MARIE FORD

     **Defendant.**

---

**MOTION TO SUPPRESS EVIDENCE AND STATEMENTS**

---

     Mr. Ford, by and through his attorney, moves this Court to suppress evidence that was obtained in violation of his Constitutional rights. As grounds, Mr. Ford states the following:

**Introduction**

     1.    On April 11, 2019 Mr. Ford was stopped, detained and arrested in Colorado Springs, Colorado.  Mr. Ford was driving a Volkswagen hatchback. The stated purpose of the stop is that Mr. Ford had outstanding non-specified felony warrants and that law enforcement was looking for him. Another reason for the stop may be that the front license plate of the car that Mr. Ford was inside did not have a front license plate.

     2.    El Paso County Sheriff Detective Glenn Boarman is a Task Force Officer. For that reason, he is referred to in this Motion as Task Force Officer or Officer Boarman.

     3.    Task Force Officer Boarman initiated a traffic stop on Hancock Expressway. Task Force Officer Boarman ordered Mr. Ford out of the Volkswagen and placed handcuffs on him. Officer Boarman told Mr. Ford that Mr. Ford had warrants. Task Force Officer Hathaway pat

searched Mr. Ford and recovered a bag of what law enforcement suspected to be methamphetamine.

4.      Task Force Officer Boarman called Detective White and notified him of Mr. Ford's arrest. Detective White arrived on scene.

5.      Task Force Officer Boarman searched the Volkswagen. The glove compartment was locked. Task Force Officer Boarman unlocked the glove box. Inside the glove box Officer Boarman reportedly found a Sig Sauer, model Mosquito, .22 caliber handgun.

6.      Task Force Officer Boarman and Officer Hathaway took the seized items to the El Paso County Sheriff's Office Evidence facility.

7.      While Officer Boarman was at the evidence facility, Detective White informed Task Force Officer Boarman that Mr. Ford consented to a search of his telephone. This phone is a smartphone.

8.      This purported consent allegedly given by Mr. Ford was invalid. [1]

## Legal Analysis

### A.  The Search of the Glove Compartment of the Volkswagen

9.      Mr. Ford was in custody and handcuffed outside of the car when the police performed a warrantless search of the locked glove compartment.  Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies. *Arizona v. Gant*, 556 U.S. 332, 351, 129 S. Ct. 1710, 1723-24

---

[1] As of this writing, defense counsel has not received any reports, documents or recordings from an interrogation that occurred on April 11, 2019.  Mr. Ford requests that these be produced. This is the subject of another Motion.

(2009). The Tenth Circuit has joined the Third Circuit in interpreting *Gant* as focusing attention on the arrestee's ability to access weapons or destroy evidence at the time of the search, rather than the time of the arrest, regardless of whether the search involved a vehicle. *United States v. Knapp*, 917 F.3d 1161, 1168 (10th Cir. 2019); Since Mr. Ford was not within the reach of the car at the time of the search and since he was handcuffed, the search was improper. See *United States v. Gaines*, 918 F.3d 793, 800 (10th Cir. 2019).

**The Search of the Cellphone**

10.        As of this writing, the defense does not have any information from law enforcement which shows the basis of their belief that Mr. Ford consented to the search of his phone. Currently, counsel has no idea as to what the scope of this perceived consent was.

11.     Modern cell phones are not just another technological convenience. With all they contain and all they may reveal, they hold for many Americans 'the privacies of life.' The fact that technology now allows an individual to carry such information in hand does not make the information any less worthy of the protection for which the Founders fought. The Supreme Court's "answer to the question of what police must do before searching a cell phone seized incident to an arrest is accordingly simple—get a warrant." *Riley v. California*, 573 U.S. 373, 403, 134 S. Ct. 2473, 2494-95 (2014).

12.     Mr. Ford did not voluntarily consent to the search and subsequent extraction of the information on his phone.

**Fruit of the Poisonous Tree**

13.     The fruit of the poisonous tree doctrine enunciated in *Wong Sun v United States*, 371 U.S. 471 (1963) applies and requires the suppression of all evidence including the subsequent statements made by Mr. Ford.

14.     Right now, defense counsel does not have any of the statements that Mr. Ford made on April 11, 2019 when he was interrogated after his arrest. These statements are alluded to in a videotaped interrogation that took place on April 12, 2019.

15.     With the information that counsel does have, it is apparent that the statements obtained from Mr. Ford are directly linked to the evidence that was obtained in violation of Mr. Ford's Fourth Amendment rights.

16.     Thus, even if the statements in this case were found to be voluntary under the Fifth Amendment, the Fourth Amendment issue remains. In order for the causal chain, between the illegal arrest and the statements made subsequent thereto, to be broken, *Wong Sun* requires not merely that the statement meet the Fifth Amendment standard of voluntariness but that it be "sufficiently an act of free will to purge the primary taint." *Wong Sun* thus mandates consideration of a statement's admissibility in light of the distinct policies and interests of the Fourth Amendment. *Brown v. Illinois*, 422 U.S. 590, 601-02, 95 S. Ct. 2254, 2261 (1975).

## Conclusion

The above-mentioned evidence including all statements made by Mr. Ford must be suppressed.

Respectfully submitted,

s/Sean M. McDermott
   Sean M. McDermott
   McDermott Stuart & Ward LLP
   140 E. 19th Avenue, Suite 300
   Denver, CO 80203
   (303) 832-8888
   (303) 863-8888 (fax)
   Email: smcdermott@mswdenver.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of August 2019, I filed the foregoing **pleading** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

s/ Sean McDermott
Sean McDermott