IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.: 19-cr-00253-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **IAN THOMAS FORD**; and,
2. ROBYN MARIE FORD,

    Defendants.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS
EVIDENCE AND STATEMENTS [ECF No. 35]**
_____

The United States of America submits its response in opposition to the defendant, Ian Thomas Ford's, Motion To Suppress Evidence And Statements [ECF No. 21].

The Court should deny the motion because: (1) Ford's co-defendant/wife, and registered owner of the vehicle, consented to a vehicle search; and, (2) Ford consented to a cell phone search.

## BACKGROUND

On April 11, 2019, ATF Task Force Officer ("TFO") Boarman and Colorado Department of Corrections Parole Officer ("PO") Hathaway were in an unmarked patrol vehicle attempting to locate the defendant, Ian Thomas Ford. Ford had several active arrest warrants.

1

At approximately 3:05 p.m., TFO Boarman and PO Hathaway headed towards Ford's residence located at 7844 Morton Drive in Fountain, Colorado. While on Powers Boulevard, TFO Boarman noticed a grey, Volkswagen with teal rims and a blue left front fender. On or about March 27, 2019, Colorado Springs Police Department ("CSPD") Detective Boggs showed TFO Boarman a picture of this vehicle and explained it was involved in a motor vehicle theft investigation. TFO Boarman recognized the Volkswagen as the one from the picture. TFO Boarman observed that the vehicle did not have a front license plate. TFO Boarman began to follow the vehicle. Law enforcement officers ran the license plate number that was visible from the Volkswagen's rear. TFO Boarman learned that the vehicle was registered to a grey, Volkswagen and the registered owner was Robyn Marie Przypek, a/k/a, Robyn Marie Ford (co-defendant). TFO Boarman knew Robyn Marie Ford to be Ford's wife.

At approximately 3:10 p.m., TFO Boarman initiated a traffic stop. As TFO Boarman approached the driver's side window, he immediately recognized the driver as Ford. TFO Boarman ordered Ford out of the vehicle and handcuffed him. TFO Boarman advised Ford that he had warrants for his arrest. Ford replied, "I know." PO Hathway conducted a protective pat-down search of Ford's person and recovered approximately 7.5 grams of methamphetamine (total weight including packaging) from Ford's front short's pocket.

Mrs. Ford arrived at the scene because of its close proximity to her place of employment. El Paso County Sheriff's Office ("EPSO") Detective White arrived on scene and advised Mrs. Ford that her husband was involved in an ongoing investigation. Detective White ran the vehicle's license plate and identified Mrs. Ford as

2

the registered owner. Detective White then requested consent from Mrs. Ford to search the vehicle. She agreed. TFO Boarman and Detective White searched the vehicle. TFO Boarman recovered a loaded Sig Sauer, Model Mosquito, .22 caliber handgun bearing serial number F088947 from the front passenger side glove compartment. The firearm was loaded with a round in the chamber. TFO Boarman also recovered Ford's cell phone from the front passenger seat.

Detective White interviewed Ford later that day after Ford waived his *Miranda* rights. During that interview, Ford gave verbal consent for officers to search his cell phone and signed a consent form.

On April 12, 2019, ATF Special Agent Mares, Detective White, and United States Secret Service ("USSS") Agent Maxson interviewed Mrs. Ford at her place of employment. Mrs. Ford admitted that she purchased three firearms from licensed dealers and gave them to another person. Mrs. Ford stated that she and her husband, Ford, received cash from arranged buyers to purchase firearms for them. Ms. Ford and Ford received $100 profit for each gun purchase. Ms. Ford stated that she would purchase the firearm from the store then give the purchased firearm(s) to the intended recipient in the store parking lot.

Agent Mares retrieved three separate ATF Form 4473s indicating that Mrs. Ford purchased firearms from two different stores in El Paso County. Question 11(a) on the ATF Form 4473 states, in pertinent part:

> Are you the actual transferee/buyer of the firearm(s) listed on this form? **Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you**.

3

(emphasis in original).  Agent Mares reviewed all three forms filled out by Mrs. Ford.  On each form, Mrs. Ford answered "Yes" to the above mentioned question.  Based on Mrs. Ford's admission, Mrs. Ford knew at the time of purchasing the firearms that she was not the transferee/buyer of the firearms.  Thus, she provided a false statement on all three forms.  Mrs. Ford purchased the following firearms while providing a false statement to the licensed dealer:

- On or about March 3, 2019 at Specialty Sports & Supply, located at 4285 E. Fountain Blvd., in Fountain, Colorado;
    - Mrs. Ford purchased a Riley Defense, Inc., Model RAK-47 rifle, bearing serial number B02755;

- On or about March 4, 2019 at Specialty Sports & Supply, located at 4285 E. Fountain Blvd., in Fountain, Colorado;
    - Mrs. Ford purchased a Beretta, Model Nano, 9mm pistol bearing serial number NU058596; and,

- On or about March 27, 2019 at Stop Drop & Shop, located at 3952 N. Academy Blvd., Suite F, in Colorado Springs, Colorado;
    - Mrs. Ford purchased a Taurus, Model PT111G2, 9mm pistol bearing serial number TJR29273.

Mrs. Ford indicated that Ford was with her, inside Specialty Sports & Supply, during the March 4, 2019 straw purchase.  Video surveillance confirms such.  Mrs. Ford indicated that Ford was with her during the March 3, 2019 purchase but that he did not enter the store (he stayed in the car).  Mrs. Ford further stated that she did not who she was buying the guns for because Ford was the one that arranged the straw purchases.

On April 12, 2019, at approximately 11:10 a.m., ATF Mares, Detective White, and USSS Agent Maxson interviewed Ford at the El Paso County Criminal Justice Center in

Colorado Springs, Colorado. Officers advised Ford of his *Miranda* rights. He waived such rights and stated, *inter alia*, the following: (1) he obtained the firearm he possessed on April 11, 2019 approximately three months prior; and, (2) admitted to being present with Mrs. Ford when she purchased a firearm at Specialty Sports and Supply and arranging the purchases for a third person in order to receive a $100 profit. Ford also stated that he knew who the Beretta and Taurus firearm were given to (because he set up the purchases). He stated he did not know who the AK-47 firearm went to because someone else allegedly brokered that deal.

On May 23, 2019, a federal Grand Jury returned an Indictment [ECF No. 1] charging Ford with: (1) one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and, (2) three counts of making a false statement to a firearms dealer, in violation of 18 U.S.C. § 922(a)(6). On August 8, 2019, Ford filed a Motion To Suppress Evidence And Statements [ECF No. 35] arguing that the vehicle and cell phone search violate the Fourth Amendment.

Ford's wife, the registered owner of the vehicle, gave consent to search the vehicle. Ford himself consented to a search of his cell phone. No Fourth Amendment violations occurred. The Court should deny Ford's motion [ECF No. 35].

**ARGUMENT**

**A. Ford's Wife Consented To The Vehicle Search.**

A search executed pursuant to voluntary consent is lawful. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). "[C]onsent cannot be coerced, by explicit or implicit means, by implied threat or covert force." *United States v. Kimoana*, 383 F.3d

1215, 1225 (10th Cir. 2004) (internal quotation marks and citation omitted). "Consent is voluntary if there is no indication of either force or intimidation." *Id.*

Detective White met with Mrs. Ford at the scene. Detective White ran the vehicle's plate through police databases and found that Mrs. Ford was the registered owner. He then asked Mrs. Ford for consent to search the vehicle. She agreed. *See* Exhibit 1.

There is no evidence of coercion. As the lawful registered owner of the vehicle, Mrs. Ford had the authority to consent to the vehicle search. Thus, the search is valid.

**B. Ford Consented To The Cell Phone Search.**

A search executed pursuant to voluntary consent is lawful. *Bustamonte*, 412 U.S. at 219. "[C]onsent cannot be coerced, by explicit or implicit means, by implied threat or covert force." *Kimoana*, 383 F.3d at 1225 (10th Cir. 2004) (internal quotation marks and citation omitted). "Consent is voluntary if there is no indication of either force or intimidation." *Id.*

On April 11, 2019, Detective White interviewed Ford after his arrest. Detective White advised Ford of his *Miranda* rights. Ford acknowledged his rights, waived them, and agreed to speak with Detective White. During that interview, Ford consented to law enforcement officers searching his cell phone. Ford signed a consent form memorializing this. *See* Exhibit 2.

There is no evidence of coercion and the search was valid.

**C. Ford's April 12, 2019 Statements.**

Ford argues that his April 12, 2019 interview statements made to law enforcement officers are fruit of the poisonous tree because they are linked to "evidence

that was obtained in violation of Mr. Ford's Fourth Amendment rights." ECF No. 35, p. 4, ¶ 15.

As shown above, both the vehicle and cell phone search were valid based on consent. Therefore, Ford's April 12, 2019 statements are not fruit of the poisonous tree.

### D. Discovery To Ford.

The Government notes that at the time the defendant filed this motion, the Government did not yet possess and therefore had not yet disclosed: (1) Detective White's report stating that Mrs. Ford consented to the vehicle search; (2) Ford's cell phone consent form; and, (3) a transcription of Ford's April 11, 2019 interview with Detective White. This discovery was listed under a separate EPSO forgery investigation into Ford (*his arrest warrant was for identity theft*), not the gun case. The Government disclosed the above-mentioned documents to Ford prior to filing this response.

### E. Conclusion.

For the reasons stated above, the Court should deny Ford's motion [ECF No. 35].

Dated: August 15, 2019.

                              Respectfully submitted,

                              JASON R. DUNN
                              United States Attorney

By:   /s/ *Jason St. Julien*
       JASON ST. JULIEN
       Assistant United States Attorney
       1801 California St., Suite 1600
       Denver, Colorado 80202

Phone:  (303) 454-0100
Fax:  (303) 454-0405
E-mail:  Jason.St.Julien@usdoj.gov
Attorney for the United States

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 15th day of August 2019, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND STATEMENTS [ECF No. 35]** with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following individuals:

**Sean M. McDermott**
Email:  smcdermott@mswdenver.com

/s/ *Jason St. Julien*
JASON ST. JULIEN
Assistant United States Attorney
1801 California St., Suite 1600
Denver, Colorado 80202
Phone:  (303) 454-0100
Fax:  (303) 454-0405
E-mail:  Jason.St.Julien@usdoj.gov
Attorney for the United States