IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 19-CR-253-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. IAN THOMAS FORD
2. ROBYN MARIE FORD

    Defendant.

_____

**UNOPPOSED MOTION TO CONTINUE JURY TRIAL AND TO EXCLUDE TIME FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**
_____

    Mr. Ford, by and through his counsel requests an extension of time within which to file Motions in the above captioned matter. As grounds, Mr. Ford states the following:

    1.    Undersigned counsel has conferred with Assistant United States Attorney Jason St. Julian who does not oppose this request.

    2.    Mr. Ford's initial appearance was June 18, 2019. Counsel was appointed.

    3.    Counsel entered his appearance on June 20, 2019.

    4.    Mr. Ford's detention hearing was June 21, 2019. Mr. Ford was released.

    5.    Since his release, Mr. Ford has resided in Colorado Springs with his wife who is the co-defendant in this case. Mr. Ford works full time.

    6.    On August 8, 2019, Mr. Ford filed Motions including his *Combined Motion for Discovery and for Leave to File Additional Motions* (Doc. No. 36).

7. On August 19, 2019, the Court denied Mr. Ford's Discovery Motion as moot. The Court granted the portion of the Motion that requested additional time to file motions. (Doc. No. 39).

8. Also, on August 19, 2019, undersigned counsel received a Federal Express package with a Discovery Letter from Assistant United States Attorney Jason St. Julien. The letter represents that the United States is providing a recording of an interview with Mr. Ford and 416 pages of reports from the El Paso County Sheriff's Office.[1]

9. The Court still has this matter set for a Jury Trial scheduled to commence on September 23, 2019 and a Trial Preparation Conference scheduled for September 4, 2019.

10. Considering the discovery that has just been provided, Mr. Ford requests that the scheduled jury trial be continued.

11. An evidentiary motion has been filed, and the speedy trial clock can be tolled while that Motion is pending. See 18 U.S.C. § 3161(h)(1)(D).

12. However, in light of the new material, some of which makes substantive differences to the case, rather than setting a Motions Hearing at this time, Mr. Ford requests that the Court exclude 30 days from the speedy trial clock pursuant to 18 U.S.C. § 3161(h)(7).

13. Mr. Ford requests this time to meet and confer with his attorney regarding this case.

14. Mr. Ford is working full-time in Colorado Springs.

15. As a result, Mr. Ford or his attorney will need to travel to make a meeting.

16. Therefore, Mr. Ford requests that an additional 30 days be excluded from the Speedy trial clock so that he may meet with his attorney and then proceed.

---

[1] Mr. St. Julien also emailed a portion of this material to undersigned counsel on August 12, 13, and 15.

17. This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act. *See id.* at 1271-72.

18. In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating whether a continuance should be granted:

(1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the

continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

19. Mr. Ford takes the *West* factors into account when making this request. In this case, Mr. Ford has been (1) diligent. He has been working long distance with his counsel. Through the diligence of Mr. Ford and his counsel, Mr. Ford realized that there was Rule 16 material that had not been disclosed to the defense. Furthermore, the defense correctly identified how the material did not make it to the United States Attorney's office. The defense followed up with the United States and Mr. Ford now has the material. (2) Additional time will accomplish the goal of allowing Mr. Ford to review the material with his counsel. (3) The United States is not inconvenienced by this continuance. If anything, the United States will be relieved of the burden and costs of having witnesses travel for a September trial. The United States does not oppose this request. (4) The need of this request is great. Mr. Ford needs to be able to confer with his lawyer regarding the evidence that the United Sates has so that he may prepare his case and make informed decisions regarding this case.

20. For the reasons set forth above, Mr. Ford respectfully requests this Court to vacate the trial and exclude 30 days from the speedy trial clock.

Wherefore Mr. Ford, respectfully requests that this Court grant the relief requested herein.

Respectfully submitted,

s/Sean M. McDermott
Sean M. McDermott
McDermott Stuart & Ward LLP
140 E. 19th Avenue, Suite 300
Denver, CO 80203
(303) 832-8888
(303) 863-8888 (fax)
Email: smcdermott@mswdenver.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of August 2019, I filed the foregoing **pleading** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

s/ Kristin Miller
Kristin Miller