IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Criminal Case No. 19-cr-00253-RM

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1.  IAN THOMAS FORD,

 Defendant.

___

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**
___

  This matter is before the Court on the Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "Motion") filed by Defendant Ian Thomas Ford ("Ford") on November 12, 2020. (ECF No. 95.) The Court has reviewed and considered the Motion and the docket generally. The Court has not ordered a government response for two reasons: (1) the Motion claims that "time is of the essence" as Ford may be transferred from his current facility as early as "November 18, 2020" (ECF No. 95 at 3; ECF No. 95-4) and (2) the Court has determined that no response is necessary. The Motion is DENIED.

**I. PROCEDURAL BACKGROUND**

  On November 13, 2019, Ford pled guilty to two counts of an indictment charging prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g) and false statement to a firearms dealer in violation of 18 U.S.C. § 922(a)(6). (ECF No. 68.) Ford was sentenced on February 25, 2020, to a term of imprisonment of 14 months, concurrent, on each of

the counts of conviction. (ECF No. 89.) Shortly after his sentencing, COVID began to be recognized as a national health crisis.

On May 21, 2020, Ford requested compassionate release from the warden of FCI Florence, Ford's facility for service of sentence. That request was denied on June 3, 2020.

Five months later, the Motion was filed. The apparent impetus for the Motion is that Ford is currently in quarantine in preparation for transfer to a Denver residential reentry center (the "RRC") for service of the remainder of his Bureau of Prisons ("BOP") sentence. That transfer is likely to occur on November 18, 2020. (ECF No. 95-4.) Ford would rather be on home confinement. In addition to this, his wife - a co-defendant who received a sentence of probation - has struggled financially since her husband's incarceration and has filed for Chapter 7 protection in bankruptcy court for herself and her husband. (ECF No. 95-2.) Being home would enable Ford to help support his family.

## II.    ANALYSIS

Title 18, United States Code, Section 3582(c) permits the Court, on motion of a defendant who has satisfied filing prerequisites, to reduce a previously imposed sentence where "extraordinary and compelling reasons" warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Motion fails to present such reasons.

In terms of Ford's family circumstances, nothing about them is either extraordinary or compelling. It is commonplace and to be expected that families of an individual who is a significant contributor to a family's finances experience hardship when that individual is incarcerated. That is part of the damage caused by engaging in criminal activity. It is not a basis for reducing a sentence nine months after it was imposed. If so, the routine would be deemed

"extraordinary and compelling" and many, if not most, defendants would be eligible for sentence reduction within months of their incarceration. The identified circumstances do not meet the standard of extraordinary and compelling.

As for the impending transfer to a Denver RRC, that ground for relief fares no better. To begin with, evidence about conditions at RRC are sparse at best. All that has been referenced is an anecdotal report of counsel's having been contacted by a resident of the RRC who is currently hospitalized. (ECF No. 95 at 2.) Among the unreported: When? Whether the resident contracted COVID at work or at the RRC? The infection rate at the RRC? Whether any active cases are currently present? And no attempt has been made to discuss overall conditions at the RRC such as masks, sanitation, and opportunities to socially distance which, in all respects, should be better than conditions at an FCI.

The Motion boils down to a simple proposition: Ford believes that he is safest at home and, therefore, he should be released. This is a proposition the Court does not endorse.

Ford is a 32 year old man. As of sentencing, he was in good health, not taking any prescribed medications, and not under a doctor's care. (ECF No. 81 at ¶ 72.) Nothing in the Motion suggests that has changed in any way during Ford's brief period of incarceration. He has no co-morbidities and is subject to no special risks. He simply feels that the generalized presence of COVID in institutional settings is enough to warrant a sentence reduction.[1]

---

[1] The Court has no authority simply to convert the remainder of Ford's BOP sentence to one of home confinement. The Court could, however, reduce Ford's imprisonment to time served and impose additional supervised release for the unserved term. That supervised release could contain a home confinement condition. But Ford would no longer be serving a BOP sentence.

COVID is omni-present. It can be found and contracted in institutions, the workplace, schools, stores, family gatherings and the community in general.

> But the mere existence of COVID-19 in society and the possibility that it may spread to a particular [facility] alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.

*United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

### III. CONCLUSION

Nothing set forth in the Motion justifies a reduction in Ford's sentence as he has failed to present extraordinary and compelling reasons warranting such a reduction.

ACCORDINGLY, IT IS HEREBY ORDERED:

That the Motion (ECF No. 95) is DENIED.

Dated this 16th day of November, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge