CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. vs. Ian Thomas Ford                                                                               DKT. NO. 1:19CR00253-1

## PETITION FOR WARRANT ON PERSON UNDER SUPERVISION

COMES NOW, Robert Haberman, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Ian Thomas Ford, who was placed on supervision by the Honorable Raymond P. Moore, sitting in the United States District Court in Denver, Colorado, on February 25, 2020.  The defendant was sentenced to 14 months imprisonment and three (3) years' supervised release for an offense of Ct 1: Possession of a Firearm by a Prohibited Person; and Ct 3: False Statement to a Firearms Dealer in Violation of 18 U.S.C. §§ 922(g)(1) and (a)(6).  Supervision commenced on January 1, 2021, and is set to expire on December 31, 2023.  As noted in the judgment [Document 89], the Court ordered mandatory, special, and standard conditions of supervision.  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

1. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about December 12, 2022, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release.[1]

When asked about the positive urine test, the defendant admitted to smoking a cocaine e-cigarette on or about December 9, 2022.

---

[1] The Probation Office believes that the defendant's possession and use of cocaine is a Grade B violation.  According to §7B1.1(a)(2), a Grade B Violation is based on conduct constituting any other offense punishable by imprisonment of more than a year.  In *U.S. v Rockwell*, 984 F.2d 1112 (10th Cir.) cert. denied, 113 S. Ct. 2945 (1993), the Court equated drug use with drug possession.  In *U.S. v Robles*, 447 Fed. Appx. 892 (10th Cir. 2012), the Court found that drug use equates to drug possession and is a Grade B violation under USSG §7B1.1.   In *U.S. v Rodriguez*, Appellate Case No. 18-1449 (10th Cir. December 2019), the Court re-affirmed that drug use equates to drug possession and for a defendant with prior qualifying drug convictions under 21 U.S.C. § 844(a), the potential penalty is more than one-year imprisonment and is appropriately considered a Grade B violation.

2. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about December 19, 2022, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release.

When questioned about the positive urine test, the defendant admitted to using cocaine on or about December 19, 2022.

3. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about March 21, 2023, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release.

The defendant was contacted regarding the positive urine test and was warned that if he continued to use controlled substances, our office would request Court intervention.  The defendant reported that he and his wife were splitting up and he was going through a hard time.

4. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about May 10, 2023, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release.

The defendant has not been questioned regarding this urine test.

5. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to provide urine samples at Recovery Unlimited, the testing and treatment program in which the probation officer directed him to participate, on December 8, 2022, January 10, 2023, January 13, 2023, January 18, 2023, February 21, 2023, March 13, 2023, March 16, 2023, and May 8, 2023.  This constitutes a Grade C violation of supervised release.

The defendant was enrolled into random urine testing on August 22, 2022.  At the time of his intake, the defendant admitted to relapsing and using marijuana.  The defendant was instructed to report for random urine testing at Recovery Unlimited and to call the testing line every day.  Throughout the last several months, the defendant has missed 8 random urine tests.

Case No. 1:19-cr-00253-RM   Document 103   filed 05/23/23   USDC Colorado   pg 3 of 3

Ian Thomas Ford  
1:19CR00253-1

Petition for Warrant on Person Under Supervision  
Page 3

May 23, 2023

## STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's current conviction and the alleged violations, the probation officer requests a warrant for the defendant's arrest due to the potential danger presented by the defendant.

## RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a warrant due to violation(s) of supervised release and, subsequent to the arrest of the defendant, that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.


*/s/Robert Haberman*  
  Robert Haberman  
  United States Probation Officer  
  Place:   Colorado Springs  
  Date:    May 23, 2023

*/s/Travis L. Cormaney*  
  Travis L. Cormaney  
  Supervising United States Probation Officer  
  Place:   Colorado Springs  
  Date:    May 23, 2023


**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is 2 years imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade B violation.  The defendant's criminal history is a Category III, thus the advisory guideline range for revocation is 8-14 months.

**STATEMENT IN SUPPORT OF RELEASE AT INITIAL APPEARANCE:**

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings.  Pursuant to 18 U.S.C. § 3143(a), the defendant is viewed as presenting a risk of danger to the community.  As noted, the defendant has continued to violate his supervised release conditions.  Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.